■ In the Matter of ANDERSON KILL, P.C., Appellant, v ANDERSON KILL, P.C., Respondent, and STELIOS COUTSODONTIS, Intervenor-Respondent. [22 NYS3d 20]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered February 11, 2015, denying the petition for a turnover order that would enable petitioner to enforce a judgment against its former client Sea Trade Maritime Corporation for unpaid legal fees, and dismissing the proceeding, unanimously affirmed, without costs.

"A special proceeding for turnover is the procedural device provided by [CPLR] article 52 for enforcement of a judgment against an asset of the judgment debtor in the possession or custody of a third person; such a third person is known as a garnishee" (*JPMorgan Chase Bank, N.A. v Motorola, Inc.*, 47 AD3d 293, 301 [1st Dept 2007]).

Here, pursuant to the subject escrow agreement, which petitioner drafted and was a party as escrow agent, the parties agreed that the disputed corporate assets were to be disbursed either (1) pursuant to jointly signed written instructions, or (2) upon a final nonappealable judicial determination of the intervenor's ownership interest in the corporation and entitlement to any portion of the escrow funds, neither of which has occurred. Thus, even if CPLR 5225 (b) allowed for the release of the escrow funds, pursuant to CPLR 5240, which provides a court with substantial authority to order equitable relief, the turnover petition was properly denied. The parties drafted an escrow agreement intended to secure the sale proceeds for the benefit of the parties, and petitioner should not be permitted to circumvent that agreement. Concur—Mazzarelli, J.P., Acosta, Moskowitz and Richter, JJ.